996 F.2d 1215
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Todd Romel McGILL, Plaintiff-Appellant,
v.
Robert BROWN, Jr., et al., Defendants-Appellees.
 No. 92-2530.
 United States Court of Appeals, Sixth Circuit.
 July 1, 1993.
 
 1
 Before: KENNEDY and MARTIN, Circuit Judges, and FORESTER, District Judge.*
 
 ORDER
 
 2
 Todd R. McGill, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights suit filed pursuant to 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and equitable relief, McGill sued eight Michigan state prison officials including the former director of the Michigan Department of Corrections (Brown); the warden at Alger Maximum Correctional Facility (Stine); Captain Shanklin; Lieutenant Schultz; Sergeant Bonevelle; and Corrections Officers Cmach, Hares, Merrick, Kantola, and Lakenen. McGill sued the defendants in both their official and individual capacities. McGill alleged that the defendants conspired to harass him, in part based on his race, and in part to retaliate against him because he had exercised his rights under the prison grievance procedure. Specifically, McGill alleged that: 1) Cmach and Hares denied him his breakfast on September 19, 1990; 2) Lakenen ordered him to submit to a "shake-down" (frisk, not a body cavity search) shortly after Kantola had conducted a "shakedown;" 3) Cmach and Merrick engaged in unspecified discriminatory behavior towards him on November 24, 1990; 4) on November 30, 1990, Cmach discriminated against him in an unspecified manner; and 5) Lakenen assaulted McGill by grabbing his shoulder. McGill also alleged that Brown, Stine, Shanklin, Schultz, and Bonevelle conspired to cover up the improper actions of the other named defendants when they denied McGill's grievances.
 
 
 4
 After reviewing defendants' motion for summary judgment, the magistrate judge recommended that summary judgment be granted in favor of the defendants. Over plaintiff's objections, the district court accepted the magistrate judge's recommendation and granted summary judgment to the defendants. Plaintiff has filed a timely appeal, and requests the appointment of counsel. McGill also requests that this case be consolidated with case no. 92-2531. The defendants have submitted a letter to the court indicating that they will not be filing a brief.
 
 
 5
 Upon review, we conclude that the district court properly granted summary judgment to the defendants because there is no genuine issue as to any material fact and the defendants are entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Canderm Pharmacal Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). McGill has not stated an Eighth Amendment claim of deliberate indifference to his needs. See Wilson v. Seiter, 111 S.Ct. 2321, 2324 (1991). Additionally, McGill has not met his burden of alleging facts to support his claim of racial discrimination. See McCleskey v. Kemp, 481 U.S. 279 (1987); Henry v. Metropolitan Sewer Dist., 922 F.2d 332, 341 (6th Cir.1990).
 
 
 6
 McGill's allegations of harassment likewise do not support a claim of retaliation because they fail to establish that defendants' actions constituted an "egregious abuse of governmental power" or that such actions otherwise "shocked the conscience." See Cale v. Johnson, 861 F.2d 943, 949-50 (6th Cir.1988). Moreover, McGill's allegations do not support a claim of conspiracy. Cf. Moore v. City of Paducah, 890 F.2d 831, 834-35 (6th Cir.1989).
 
 
 7
 Accordingly, McGill's requests for the appointment of counsel and to consolidate this case with case no. 92-2531 are denied, and the district court's judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Karl S. Forester, U.S. District Judge for the Eastern District of Kentucky, sitting by designation